F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**January 19, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ASENCION MICHEL-GALAVIZ,

Defendant-Appellant.

No. 05-4146
(D. Utah)
(D.C. Nos. 2:05-CV-00384-JTG and
2:98-CR-601-001-JTG)

**ORDER**

Before **EBEL**, **McKAY**, and **HENRY**, Circuit Judges.

After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* FED. R. APP. P. 34(a); 10TH CIR. R. 34.1(G).

Asencion Michel-Galaviz, a federal prisoner proceeding pro se, seeks a certificate of appealability ("COA") to appeal the district court's decision dismissing as untimely his 28 U.S.C. § 2255 petition for a writ of habeas corpus. We deny Mr. Michel-Galaviz's application for a COA and dismiss this appeal.

## I. BACKGROUND

On May 4, 1999, Mr. Michel-Galaviz pleaded guilty in a four-count indictment to (a) illegal entry of a deported alien, in violation of 8 U.S.C. § 1326; (b) possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); (c) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); and (d) being an illegal alien in possession of a firearm, in violation of 18 U.S.C. § 922(g)(5). The district court sentenced him to 151 months' imprisonment, and it entered judgment on July 28, 1999. He did not file a direct appeal challenging his sentence or the underlying conviction.

On April 27, 2005, Mr. Michel-Galaviz filed a petition in district court to vacate his sentence under 28 U.S.C. § 2255. He maintained that the district court erred when it used a prior robbery conviction as the basis for a career-offender enhancement. The district court dismissed the petition, concluding that the "claim is untimely and barred as a matter of law, being far beyond the period of limitation set forth in 28 U.S.C. § 2255." Rec. doc. 5, at 2 (Order, filed May 24, 2005). The district court did not act on the issuance of a COA, and a COA was thus deemed denied under our Emergency General Order of October 1, 1996.

## II. DISCUSSION

We review Mr. Michel-Galaviz's petition under the Antiterrorism and Effective Death Penalty Act of 1996. We may issue a COA and entertain his

appeal only if he "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "[W]hen the district court denies a habeas petition on procedural grounds," as is the case here, we issue a COA "if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

The decision to grant a COA turns on the application of 28 U.S.C. § 2255, which provides that a habeas petition must be filed within one year from the latest of:

(1)    the date on which the judgment of conviction becomes final;
(2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The district court entered judgment on Mr. Michel-Galaviz's conviction on July 28, 1999. Because he did not appeal his sentence, his judgment of conviction became final ten days later, when his claim could no longer be subject to appellate review. *See* FED. R. APP. P. 4(b)(1)(A) ("In a criminal case, a

-3-

defendant's notice of appeal must be filed in the district court within 10 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal."). Mr. Michel-Galaviz did not file his habeas petition in district court until April 2005, well after the one-year limitation period under subsection (1) had expired.

Furthermore, Mr. Michel-Galaviz offers no arguments under subsections (2), (3), or (4) of § 2255, and he does not contend that the one-year limitation period should be statutorily or equitably tolled.

### III. CONCLUSION

Reasonable jurists would not debate the district court's conclusion that Mr. Michel-Galaviz's habeas petition was untimely. Accordingly, we DENY his application for a COA and DISMISS the appeal.

Entered for the Court,

Robert H. Henry
Circuit Judge

-4-